# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONALD SATISH EMRIT | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-17-2714 |
| SHADY GROVE HOSPITAL | * | |
| Defendant | * | |

*************************************************************

| | | |
|---|---|---|
| RONALD SATISH EMRIT | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-17-2764 |
| SHADY GROVE HOSPITAL | * | |
| Defendant | * | |

***

## **MEMORANDUM OPINION**

The above-captioned cases are identical in claims asserted and the relief sought. The latter-filed complaint was transferred to this Court from the United States District Court for the Southern District of West Virginia on September 18, 2017. *See* Civil Action GJH-17-2764 at ECF 6. The complaints are identical and the cases shall be consolidated for all purposes. Because he appears to be indigent, Plaintiff's Motion to Proceed in Forma Pauperis shall be granted. For the reasons stated below, the complaint must be dismissed and the consolidated cases closed.

The facts upon which Plaintiff bases his claims concern his attempt to secure psychiatric care for suicidal ideations he experienced in May of 2017. ECF 1 at p. 3. He states that "a rude Hispanic lady . . . prematurely discharged the plaintiff from the Seneca section of the Shady Grove Psychiatric Ward (after just one night)." *Id.* Plaintiff alleges that the woman who discharged him from the hospital appeared to believe he was there only because he was homeless

and hungry. *Id.* He takes issue with the fact that his "previous psychiatrist" did not advocate for him to stay and states that some of the patients in the ward were trying to leave, so he could have been allowed to stay. *Id.* at p. 4. Plaintiff states that the temperature in the ward was "entirely too cold leading to an uncomfortable environment" which could have led to him developing pneumonia. *Id.*

Plaintiff concludes without explanation that his premature discharge violates Title VII of the Civil Rights Act of 1964. ECF No. 1 at p. 3. He further claims that his psychiatrist's failure to advocate in favor of Plaintiff's continued stay in the hospital is "a prima facie case for negligence or even a material breach of contract pursuant to the psychotherapist/patient privilege and HIPAA laws." *Id.* at p. 4. Plaintiff states that he expected his psychiatrist to "be a zealous advocate on his behalf even though the notion of 'zealous advocacy' is usually applied to attorneys." *Id.*

Plaintiff filed both complaints in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th

Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations [but] it must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-723 (4th Cir. 1989).

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The instant complaint does not comply with federal pleading requirements. While Plaintiff references Title VII, that reference does nothing to illuminate a cognizable claim as there is no factual basis to support a Title VII claim. It is well-settled law that a complaint's

3

allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted). Here, the only "claim" discernible from the pleading filed is that Plaintiff was dissatisfied with the timing of his discharge from a private hospital. He does not claim an injury resulting from that discharge. His dissatisfaction with the services provided does not state a federal cause of action, nor does it raise even a suspicion that a viable cause of action has arisen on Plaintiff's behalf. Accordingly, by separate Order which follows, the complaint shall be dismissed and the consolidated cases closed.

10/11/2017
Date

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE